No. 9443.

## MARTIN v. PRATHER.

PARTITION.— *Wife's Inchoate Interest in Real Estate Sold on Execution.—Complaint.—Statute Construed.*—In an action for partition, under the act of March 11th, 1875 (R. S. 1881, sections 2508, 2509), by the wife of the judgment debtor, the complaint must show that the judgment was rendered subsequent to the taking effect of the act.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby*, for appellant.

*W. S. Shirley*, for appellee.

FRANKLIN, C.—This is an action for partition, commenced by appellant against appellee as the purchaser at sheriff's sale of the interest of appellant's husband in certain real estate.

There was a demurrer filed, and sustained to the complaint. The only error assigned is on the ruling upon the demurrer.

The complaint does not give the date of the rendition of the judgment upon which the execution was issued, under which the land was sold. It shows that a transcript of a judgment from the docket of a justice of the peace, in said county,

was filed in the clerk's office; execution issued thereon on the 29th day of April, 1879; the land was sold on the 30th day of July, 1879; appellee was the purchaser, and received his deed from the sheriff at the expiration of the year for redemption, and this suit was commenced January 21st, 1881.

The objection to the complaint is that it does not show that the judgment was rendered after the act of March 11th, 1875, took effect, vesting the inchoate interests of married women in the lands of their husbands, sold on judicial sale.

The second section of the act, 1 R. S. 1876, p. 554, provides that the provisions of the act shall not apply to sales of real estate upon judgments rendered prior to the taking effect of this act.

This second section must be regarded as a limitation upon the first section and not as an exception to it,—as a part of the enacting clause of the law limiting its entire operations to such sales only as are made upon judgments rendered after the act went into force. And a complaint that does not bring the case within this limitation of the statute, does not show a sufficient cause of action. There was no error in sustaining the demurrer to the complaint.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.